John A. Smitten (JS-9009)
V. David Rivkin (VR-6734)
WUERSCH & GERING LLP
100 Wall Street, 10th Floor
New York, New York 10005
Tel. 212-509-5050
Fax: 212-509-9559
john.smitten@wg-law.com
david.rivkin@wg-law.com

*Attorneys for Moon Limited*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In Re: Application of MOON LIMITED for     Case No. 1:19-mc-296_____
An Order Seeking Discovery from
JPMORGAN CHASE BANK, N.A. and
CITIBANK, N.A.
pursuant to 28 U.S.C. § 1782,
In Aid of a Foreign Proceeding
--------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF MOON LIMITED'S *EX PARTE*
APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT
DISCOVERY FOR USE IN A FOREIGN PROCEEDING**

## MEMORANDUM OF POINTS AND AUTHORITIES
## TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................... 1

STATEMENT OF RELEVANT FACTS ........................................................................................ 1

ARGUMENT .................................................................................................................................. 4

I. MOON'S APPLICATION FOR PERMISSION TO ISSUE A DISCOVERY SUBPOENA
TO CITIBANK AND TO JPMCB SHOULD BE GRANTED .................................................. 4

  A. The Application Meets All of the Statutory Requirements of 28 U.S.C. § 1782. .............. 4

    1. Citibank and JPMCB are Both Found In This District. ................................................... 5

    2. Discovery Sought Is for Use in the Hong Kong Proceedings. ........................................ 6

    3. Moon Is an "Interested Person" Within the Meaning of § 1782. .................................... 7

  B. Having met the Statutory Factors Under 28 U.S.C. § 1782, This Court Should Exercise
Its Discretion and Grant Moon's Application. ....................................................................... 7

    1. Neither Citibank nor JPMCB are Parties to the Hong Kong Proceedings, Which
Weighs Heavily in Favor of Granting Moon's Application. .............................................. 8

    2. Hong Kong Courts are Receptive to Discovery Pursuant to § 1782. ............................... 8

    3. Moon's § 1782 Application Does Not Constitute an Attempt to Circumvent Proof-
Gathering Restrictions. ...................................................................................................... 9

    4. The Information Sought Is Not Unduly Intrusive or Burdensome. ................................. 9

CONCLUSION ............................................................................................................................. 10

**MEMORANDUM OF POINTS AND AUTHORITIES**
**TABLE OF AUTHORITIES**

**Cases**

*Application of Esses*,
    101 F.3d 873 (2d Cir. 1996)........................................................................................ 3, 8, 9

*Brandi-Dohrn v. IKB Deutsche Industrielbank AG*,
    673 F.3d 76 (2d Cir. 2012).......................................................................................... 5, 7, 8

*Euromepa S.A. v. R. Esmerian, Inc.*,
    51 F.3d 1095 (2d Cir. 1995)............................................................................................. 10

*Gushlak v. Gushlak*,
    486 Fed. Appx. 215 (2d Cir. 2012)..................................................................................... 4

*In re Aso*,
    19-mc-190, 2019 WL 2345443 (S.D.N.Y. June 3, 2019)................................................... 5

*In re Clerici*,
    481 F.3d 1324 (11th Cir. 2007) ......................................................................................... 6

*In re Del Valle Ruiz*,
    342 F. Supp. 3d 448 (S.D.N.Y. 2018)................................................................................. 5

*In re Hornbeam Corp.*,
    722 Fed. Appx. 7 (2d Cir. 2018)......................................................................................... 4

*In re O'Keeffe*, No. 2:14-cv-01518, 2015 WL 1308546 (D. Nev. Mar. 24, 2015)..................... 8, 9

*Intel Corp. v. Advanced Micro Devices, Inc.*,
    542 U.S. 241 (2004)................................................................................................... 5, 7, 8

*Mak v. For Issuance of Discovery in Aid of Foreign Proceeding Pursuant to 28 U.S.C. 1782*,
    No. C 12-80118 SI, 2012 WL 2906761 (N.D. Cal. July 16, 2012) .................................... 6

*Matter of Fornaciari*,
    17-mc-521, 2018 WL 679884 (S.D.N.Y. Jan. 29, 2018)................................................... 6

*Mees v. Buiter*,
    793 F.3d 291 (2d Cir. 2015)........................................................................................... 7, 9

## **Statutes**

28 U.S.C. § 1782 .................................................................................................................... *passim*

Fed. R. Civ. P. 26 (c) ...................................................................................................................... 4

Fed. R. Civ. P. 45(c)(3) ................................................................................................................... 4

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

Applicant Moon Limited ("Moon") respectfully submits this Memorandum of Law in support of its *Ex Parte* Application for an Order, pursuant to 28 U.S.C. § 1782, granting its request to issue a *subpoena duces tecum* upon each of JPMorgan Chase Bank, N.A. ("JPMCB") and Citibank, N.A. ("Citibank") in aid of a foreign litigation in Hong Kong. As explained below, Moon's application should be granted in its entirety.

<u>**STATEMENT OF RELEVANT FACTS**</u>

Moon is a limited liability company incorporated under the law of the Marshall Islands. (Declaration of V. David Rivkin in Support of Moon Limited's *Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding ("Rivkin Decl.") at ¶ 1.) On or about September 4, 2017, Moon loaned ten million dollars ($10,000,000) to Miller Thomson & Partners LLC ("MTP"), a Delaware limited liability company with its primary place of business in Lafayette, Louisiana. (*Id.* at ¶¶ 5-6.) The loan was evidenced by a promissory note executed by MTP in favor of Moon ("Promissory Note"), whereby MTP irrevocably and unconditionally promised to pay the principal and interest on the Promissory Note on or before December 4, 2017 ("Maturity Date"). (*Id.* at ¶ 7.)

Roderick Bruce Thomson is a citizen of the United Kingdom, and is one of the founders of MTP. As security for MTP's obligation under the Promissory Note, Roderick Thomson executed a personal guarantee, also dated September 4, 2017, in favor of Moon (the "Guarantee"), whereby Roderick Thomson agreed to pay all amounts owed by MTP to Moon under the Promissory Note. (Leung Decl. at ¶ 8.)

MTP failed to pay Moon any of the principal and interest as required under the Promissory Note on or before the Maturity Date. (Rivkin Decl. at ¶ 7.) Accordingly, the full principal and interest under the Promissory Note remains unpaid by Mr. Thomson, and is due

1

and owing.  (*Id.*)  In addition, Mr. Thomson has refused to honor his Guarantee despite demand

for such payment having been made by Moon.  (*Id.*; Leung Decl. at ¶ 10.)

      Accordingly, Moon commenced an action against MTP in Louisiana State Court

(Lafayette Parish) seeking money judgment against MTP on the Promissory Note ("Louisiana

State Court Proceeding").  In addition, Moon commenced a legal proceeding in the High Court

of the Hong Kong Special Administrative region Court of First Instance against Roderick

Thomson seeking to enforce Roderick Thomson's Guarantee (the "Hong Kong Proceedings").

The reason the action against Roderick Thomson was brought in Hong Kong was that the

Guarantee contains a forum selection clause designating Hong Kong courts as the exclusive

forum to adjudicate disputes arising out the Guarantee.  (Leung Decl. at ¶ 11.)  Roderick

Thomson was duly served with process in the Hong Kong Proceeding on September 17, 2018,

and again on September 18, 2018, but has failed to appear to answer the claims against him in

the Hong Kong Proceedings.  (*Id.* at ¶¶ 12-13.)  Indeed, he had no defense to assert, as his

liability is clear.

      On October 31, 2018, the Hong Kong Court issued a Final Judgment in favor of Moon

and against Roderick Thomson on the Guarantee for the sum of US$10,000,000 plus interest in

the sum of US$1,000,000 at judgment rate until payment, plus fixed costs in the amount of

HK$11,045.00 (the "Final Judgment").  (*Id.* at ¶ 14; Ex. D.)

      Moon's ability to collect on the Final Judgment, however, depends on its ability to

identify Roderick Thomson's assets and execute against them.  Unfortunately, Mr. Thomson has

been quite adept at concealing his personal holdings.

Notwithstanding Mr. Thomson's claimed record of business success[1] and accumulated wealth, his asset footprint is remarkably light.  A comprehensive asset search in the US, Hong Kong, and elsewhere did not identify any significant assets in Roderick Thomson's name against which the Hong Kong judgment may be enforced.  (Rivkin Decl. at ¶ 11.)  During discovery in the Louisiana State Court Proceeding against MTP, Moon has obtained documents and information showing that Roderick Thomson made payment to and received payments from Miller & Thomson, Inc. through that entity's business checking bank account at JPMCB.  (*Id.* at ¶¶ 18-20.)  Miller & Thomson, Inc. appears to be an affiliate of MTP.

In addition, Moon obtained bank documents from Justin Thomson (Roderick Thomson's son) in a discovery proceeding commenced pursuant to 28 U.S.C. § 1782 in the United States District Court for the Central District of California, that show that Roderick Thomson sent funds by check or wire transfer to Justin Thomson's personal bank account at Citibank.

By making this application pursuant to 28 U.S.C. § 1782, Moon seeks an order (1) authorizing Moon to serve a subpoena on JPMCB to obtain discovery from JPMCB concerning the bank account(s) used by Roderick Bruce Thomson to make and receive payments through MTP's bank account at JPMCB, and (2) authorizing Moon to serve a subpoena upon Citibank to

---

[1] Mr. Thomson's biography on the MTP website touts that he is a private venture capitalist with over forty years of international business experience.  He has provided capital from his private investment portfolios to American and international oil and gas firms since 1980's and invests in telecommunications, real estate, information technology and biotechnology.  He was the founder, co-chairman and managing director of Draper, Fisher Jurvetson ePlanet Ventures, a $700 million global venture capital fund, which included the government of Singapore.  Among other successful investments, DFJ ePlanet provided the early capital for Skype and Baidu, the Chinese search engine.  He is a founder of Virgin Mobile Middle East and Asia, which includes ownership by Richard Branson and the governments of Saudi Arabia, Kuwait, Qatar, Bahrain, Oman and the United Arab Emirates.  He is presently a co-owner of Australian pension fund management companies. (Rivkin Decl. at ¶ 11 & n.1.)

3

obtain information concerning the bank account(s) that were used by Roderick Thomson to transfer funds to his son Justin Thomson, so that Moon may use such information to enforce its judgment against Roderick Thomson obtained in the Hong Kong Proceeding.

Moon makes this Application *ex parte*.  The *ex parte* application procedure is appropriate and permissible because, after being served with the subpoena, JPMCB and Citibank retain rights under the Federal Rules of Civil Procedure to seek to quash and/or modify the subpoena served upon them (Fed. R. Civ. P. 45(c)(3)) or to seek a protective order (Fed. R. Civ. P. 26 (c)). *See Application of Esses*, 101 F.3d 873, 874 (2d Cir. 1996): *see also In re Hornbeam Corp.*, 722 Fed. Appx. 7, 10 (2d Cir. 2018) ("[The Second Circuit] has decided appeals from motions to quash *ex parte* § 1782 subpoenas without identifying any impropriety in the *ex parte* nature of the § 1782 application."); *Gushlak v. Gushlak*, 486 Fed. Appx. 215, 217 (2d Cir. 2012) ("[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*.  The respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45(c)(3).").

## ARGUMENT

### I.  MOON'S APPLICATION FOR PERMISSION TO ISSUE A DISCOVERY SUBPOENA TO CITIBANK AND TO JPMCB SHOULD BE GRANTED.

#### A.  The Application Meets All of the Statutory Requirements of 28 U.S.C. § 1782.

28 U.S.C. § 1782 grants an interested person in a foreign proceeding the right to apply to a Federal Court located in the district where relevant documents or testimony may reside for an Order permitting that interested person to take the deposition and seek the production of documents for use in a foreign proceeding. The statute provides in pertinent part as follows:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . .

4

> the order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a).

Section 1782 has twin aims – namely (1) providing efficient means of assistance to participants in international litigation in our federal courts, and (2) encouraging foreign countries by example to provide similar means of assistance to our courts. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 252 (2004).

A court may grant an *ex parte* § 1782 application in its discretion, but must first see to it that three requirements in the statute are met before turning its attention to certain other discretionary factors for consideration. Those statutory requirements are as follows:

> (1)    the person from who discovery is sought resides (or is found) in the district court to which the application is made;
>
> (2)    the application is made by a foreign or international tribunal or any interested person; and
>
> (3)    the discovery is for use in a foreign proceeding before a foreign tribunal.

See *Brandi-Dohrn v. IKB Deutsche Industrielbank AG*, 673 F.3d 76, 80 (2d Cir. 2012). Each of the statutory factors are met here.

1.    Citibank and JPMCB are Both Found In This District.

A business is "found" in a district for purposes of Section 1782 if the business is incorporated or maintains its principal place of business in that district, or would be subject to personal jurisdiction by virtue of its systematic and continuous activities there, even if its headquarters or place of incorporation are located elsewhere. *See In re Del Valle Ruiz*, 342 F. Supp. 3d 448, 452-54 (S.D.N.Y. 2018). Furthermore, this Court has routinely granted § 1782 applications for subpoenas to the two banks at issue. *See, e.g.*, *In re Aso*, 19-mc-190, 2019 WL 2345443, at *3 (S.D.N.Y. June 3, 2019) (finding that both JPMCB and Citibank are "found" in

5

the Southern District of New York for § 1782 purposes); *Matter of Fornaciari*, 17-mc-521, 2018 WL 679884, at *1 (S.D.N.Y. Jan. 29, 2018) (granting § 1782 application to serve subpoena on JPMCB, *inter alia*).

JPMCB is one of the largest financial institutions in the world, with its main office at 270 Park Avenue, New York, New York 10017.  (Rivkin Decl. at ¶ 24.)  Citibank, N.A. is the consumer banking division of Citigroup, one of the largest financial institutions in the world with its principal office at 388 Greenwich Street, New York, New York 10013.  (Rivkin Decl. at ¶ 18.)  Both JPMCB and Citibank conduct systematic and continuous activities in this district, and there can be no doubt that both are "found" in this district for the purposes of 28 U.S.C. § 1782. *See In re Aso*, 2019 WL 2345443, at *3.

    2.    <u>Discovery Sought Is for Use in the Hong Kong Proceedings.</u>

The discovery sought here is for use in a proceeding in a "foreign tribunal" within the meaning of Section 1782.  The tribunal in this case, the *Hong Kong Special Administrative Region Court of First Instance*, is a trial level court capable of rendering a decision on the merits leading to a final resolution of the dispute. (Leung Decl. at ¶ 16.)  *Cf. Mak v. For Issuance of Discovery in Aid of Foreign Proceeding Pursuant to 28 U.S.C. 1782*, No. C 12-80118 SI, 2012 WL 2906761, at *1 (N.D. Cal. July 16, 2012) (granting discovery pursuant to § 1782 where discovery was sought for use in the Hong Kong Special Administrative Region Court of First Instance).  *See also In re Clerici*, 481 F.3d 1324, 1332-33 (11th Cir. 2007) (holding that federal district court had authority to grant a § 1782 request to obtain information from a resident in the judicial district regarding assets and property transfers for use in a Panamanian post-judgment proceeding.)

A district court should not consider the admissibility or discoverability of evidence in the foreign proceeding in ruling on a Section 1782 application.  *See Brandi-Dohrn,* 673 F.3d at 80. "[T]he phrase 'for use in a proceeding' indicates something that will be employed with some

advantage or serve some use in the proceeding – not necessarily without which the applicant could not prevail." *Mees v. Buiter*, 793 F.3d 291, 298 (2d Cir. 2015).  In this case, Moon's § 1782 request is to obtain information from residents of this judicial district regarding assets of the defendant in the Hong Kong Proceedings, which information may be used to help Moon collect on the Final Judgment.

> 3.     Moon Is an "Interested Person" Within the Meaning of § 1782.

Moon is a party to the Hong Kong Proceedings, thus making it an "interested person" within the meaning of § 1782.  As noted by the Supreme Court in *Intel*: "No doubt litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782[.]"  *Intel*, 542 U.S. at 256.  Moon clearly meets the "interested person" requirement here.

Accordingly, Plaintiff has met the statutory requirements of § 1782.

**B.     Having met the Statutory Factors Under 28 U.S.C. § 1782, This Court Should Exercise Its Discretion and Grant Moon's Application.**

After finding that the statutory prerequisites of § 1782 have been satisfied, the Court must consider whether it should exercise its discretion and grant the § 1782 application.  *Brandi-Dohrn*, 673 F.3d at 80.  In making that determination, the Court should be guided by the following factors identified by the Supreme Court in *Intel*:

First, when the person from whom discovery is sought is a participant in the foreign proceeding, the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a non-participant in the matter arising abroad.  A foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence.

Second, a court presented with a § 1782(a) request may take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance.

Third, a district court could consider whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States.

Fourth, unduly intrusive or burdensome requests may be rejected or trimmed. *Brandi-Dohrn*, 673 F.3d at 80-81.  Each of these considerations weighs in favor of granting Moon's application here.

      1.    Neither Citibank nor JPMCB are Parties to the Hong Kong Proceedings, Which Weighs Heavily in Favor of Granting Moon's Application.

The fact that neither Citibank nor JPMCB is a party to the Hong Kong Proceedings is a factor that weighs heavily in favor of granting Moon's application.  In *Intel*, the Supreme Court specifically noted that under circumstances where the person from whom discovery is sought is not a party to the foreign action, a Section 1782 Order granting discovery may be the only available means for discovery to be taken.  *See Intel*, 542 U.S. at 264 ("[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid.").  Because Citibank and JPMCB are non-parties to the Hong Kong Proceedings, the first discretionary *Intel* factor weighs in favor or Moon's application.

      2.    Hong Kong Courts are Receptive to Discovery Pursuant to § 1782.

United States federal courts regularly allow Section 1782 subpoena requests for use in Hong Kong court proceedings.  *See, e.g.*, *In re O'Keeffe*, 650 Fed. Appx. 83, 85 (2d Cir. 2016) (affirming district court's issuance of subpoena for testimony to be used in Hong Kong

proceedings, and citing *Application of Esses*, 101 F.3d at 876-77, for the proposition that Hong Kong courts are receptive to U.S. judicial assistance).  Here, Moon seeks issuance of a subpoena with the goal of using the evidence gained therefrom for its benefit in a Hong Kong legal proceeding.  Because courts in the United States regularly allow Section 1782 subpoenas for use in Hong Kong court proceedings, the second *Intel* factor weighs in Moon's favor.

3.   Moon's § 1782 Application Does Not Constitute an Attempt to Circumvent Proof-Gathering Restrictions.

Moon seeks to obtain information about assets to be used in satisfying a judgment in the Hong Kong Proceedings.  Such discovery is not prohibited under Hong Kong law, and does not circumvent any foreign or domestic proof-gathering restrictions or policies.  Therefore, this *Intel* factor, too, supports Moon's application.  *See,* Section I.A.2., *supra; see also e.g.*, *In re O'Keeffe*, 650 Fed. App'x at 85 (citing *Application of Esses*, 101 F.3d 876-77, for the proposition that Hong Kong courts are receptive to U.S. judicial assistance); *In re O'Keeffe*, No. 2:14-cv-01518, 2015 WL 1308546, at *3 (D. Nev. Mar. 24, 2015).  Here there is no indication that any Hong Kong law or policy would prohibit Moon from obtaining the information requested.

4.   The Information Sought Is Not Unduly Intrusive or Burdensome.

Moon seeks production of financial information and account information that should be readily available to both Citibank and JPMCB.  A request for such information can hardly be considered unduly burdensome by the standards of ordinary discovery.  *See Mees*, 793 F.3d at 302 ("[A] district court evaluating a § 1782 discovery request should assess whether the discovery sought is overbroad or unduly burdensome by applying the familiar standards of Rule 26 of the Federal Rules of Civil Procedure.").  Furthermore, Moon has been unable to gather such information to date from Roderick Thomson himself, as he did not appear in the Hong Kong Proceedings.  (Leung Decl. at ¶ 13.)

9

Moreover, "it is far preferable for a district court to reconcile whatever misgivings it may have about the impact of its participation in the foreign litigation by issuing a closely tailored discovery order rather than by simply denying relief outright." *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1101 (2d Cir. 1995).  Accordingly, while Moon's request should be granted in full, the Court may, in its discretion, narrowly tailor its order instead of "denying relief outright," *id.*, to the extent it believes the information sought is excessive.

In sum, each of the four *Intel* discretionary factors weighs in Moon's favor.

## CONCLUSION

For the reasons set forth above and in the accompanying declarations, Moon has demonstrated that all three statutory factors and all four discretionary factors weigh in favor of granting in full its application for an Order pursuant to 28 U.S.C. § 1782 issuing a *subpoena duces tecum* upon Citibank and JPMCB.

Dated: June 14, 2019                        WUERSCH & GERING LLP

                                            By: /s/ John A. Smitten
                                                John A. Smitten
                                                V. David Rivkin

                                            *Attorneys for Petitioner, Moon Limited*